## DONG LING v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

No. 5582.

Fred Patterson, of Honolulu, Hawaii, and Herbert Chamberlin, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., and Sanford B. D. Wood, U. S. Atty., and Charles H. Hogg, Asst. U. S. Atty., both of Honolulu, Hawaii.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. By the order of the court below the appellant was ordered to be deported to China on the ground that he was a Chinese laborer within the United States, and that he unlawfully obtained admission into the United States by false and fraudulent claim of citizenship, and was not lawfully entitled to remain. He arrived at the port of Honolulu in 1923, and applied for admission on the ground that he was Hawaiian born.

Error is assigned to the order of deportation on the ground that it was against the evidence, that the record proved the appellant to be an American citizen, and that the court arbitrarily and unreasonably held that material discrepancies existed in the testimony, and acted arbitrarily and unreasonably, and based its judgment upon evidence not found in the record. On the hearing before a board of special inquiry in June, 1923, upon the appellant's arrival, he testified that he was born at Palolo, Hawaii, March 1, 1891,

and that his father was Tung Kun, or Tung Yong, and his mother was Lau Shee; that his mother died about 1894; that in 1897, in August or September, when he was about six years of age, he went to China with his father on the steamer Gaelic; that his father had been a rice planter in Hawaii; and that he died in China about 1912, without having returned to Hawaii. On that hearing there was some discrepancy in the testimony as to the name and occupation of the appellant's father. Lau Kwan Jun stated that the name was Tung Akana. Dong Bark gave it as Tung Akana, alias Tung Yung. Wong Tuck testified that everybody called him Tung Akana. Down Tong Chin said the father's name was Tung Yong, but he was also called Tung Akana. Lau Kwan Jun and Dong Bark testified that the appellant's father, while in Hawaii, was by occupation a rice planter. Wong Tuck stated that the occupation was that of a plantation worker. The appellant testified that his father's occupation in Hawaii was that of a rice planter. The testimony that the appellant was born in Hawaii consisted of his own statement, in which he said that he was born at Palolo, and the statement to the same effect of all the four Chinese witnesses who appeared in his behalf. Lau Kwan Jun testified that, when he was 11, he saw the appellant at Palolo when the latter was 3 months old. Dong Bark testified that he knew that the appellant was born at Palolo because the appellant's father told him so, and that he saw the appellant in Hawaii when the latter was 3 years old. But he also testified that he, the witness, first came to Hawaii in 1900, which was 3 years after the date when the appellant said that he had left for China. Wong Tuck testified that the appellant was born at Palolo, and that he knew it because he was then working on the plantation with the appellant's father. Down Tong Chin testified that he saw the appellant once in Hawaii when he was "an infant, being carried."

The decision of the board of special inquiry was reached not without hesitation, and it was based largely upon the proof that in the archives of the Territory, showing the record of the outward bound passenger list of the steamer Gaelic, of date September 28, 1897, there appeared the entry "Ah Kona & Boy," and upon that proof the appellant now relies. It would seem that the whole fabric of his claim to have been born in Hawaii had its basis in that entry in the passenger list and in the minds of his corroborating witnesses before the board of special inquiry who testified that one of the names of the appellant's father was Akana, and evidently the appellant had not been advised of the fact that he was to be identified with that entry of "Ah Kona & Boy" and had not heard that his father was ever known by the name of Akana, for before the board of special inquiry he testified that his father's name was Tung Kun or Tung Yong. Five years later, however, on the hearing in the court below, the appellant, on being asked if his father was ever known by the name of Akona, answered that he did not know "because the Chinese have lots of names."

Fatal to the theory that said entry in the passenger list referred to the appellant and his father are the further facts which were disclosed upon the hearing in the court below, and which were not brought to the attention of the board of special inquiry. It was shown by the records of the Chinese permits in the "foreign office" that a permit was issued September 22, 1897, by the Hawaiian government to Ah Kona, described as a butcher in Kohala, Hawaii, who had lived there for 21 years, to permit him to go to China on the ship Gaelic, and his return on November 2, 1898, on the steamer Belgic, thus proving that the Ah Kona who went to China on the Gaelic in September, 1897, and who by occupation was a butcher, and lived at Kohala and returned to Hawaii in the following year, could not have been the Tung Akana who, according to the appellant's testimony, had been a planter living in Palolo valley, and who went to China on the Gaelic in September, 1897, and never returned to Hawaii.

The appellant complains of the fact that the trial court, in commenting upon the record of the passenger list of the steamship Gaelic, said, "I cannot find on that record any name which corresponds to Tung Kun or Tung Yong, or that in any way sounds similar to Tung Kun or Tung Yong." It was objected, and the objection is now renewed, that the whole record was not put in evidence so that verification might be had of the court's statements. But the record was in court on the trial and was available to the appellant, and it was competent for him to show, if he could, the entry thereon of a name similar to any of the names of his father as he or others had testified them to be. The appellant made no effort to produce such testimony; but, on the contrary, rested his case on the entry in the name of "Ah Kona & Boy."

The decision of the board of special inquiry was no more than prima facie evidence of the appellant's American citizenship. Its effect here is wholly overcome by the decided

preponderance of the testimony. Tom Ung Chai v. Burnett (C. C. A.) 25 F.(2d) 575.

The judgment is affirmed.